Carl D. Crowell, OSB# 982049
E-Mail: crowell@kite.com
Crowell Law
P.O. Box 923
Salem, OR 97308
503-581-1240
Of attorneys for plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VOLTAGE PICTURES, LLC,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**DOES 1 – 198,**<br>**DOES 1-12,**<br>**DOES 1-34,**<br>**DOES 1-371,**<br><br>　　　　　Defendants. | Case Nos.:　6:13-cv-290-AA<br>　　　　　　　2:13-cv-292-AA<br>　　　　　　　1:13-cv-293-AA<br>　　　　　　　3:13-cv-295-AA<br><br>Honorable Judge Ann L. Aiken<br><br>DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE; EXHIBITS 1 - 17 |

Under penalty of perjury I, Carl D. Crowell, hereby state as follows:

1. I am an attorney admitted to practice in Oregon and plaintiff's counsel in this matter.

2. All matters in this declaration are submitted through personal knowledge and belief.

3. Prior to filing these cases I contacted several parties seeking direction on how the court would like this matter managed. As a result of my discussions in how to manage this type of case with court staff, the outcome was that it might be best to parse the defendants by division, at least initially, to see how things worked out. I was told to expect the court to consolidate the cases.

4. After the initial subpoenas for this case were issued, it became clear that some Internet Service providers ("ISPs") were not fully aware of the Cable TV Privacy Act of 1984 (47 U.S.C. § 551) and the Stored Communications Act (18 U.S.C. § 2701) as I would get same day calls and offers for information beyond what I needed. I became concerned that some ISPs, in an effort to comply with a subpoena in good faith were perhaps not aware of the relevant rules. As a result, I began to include a notice with the subpoenas issued. A true copy of this notice is attached as Exhibit 2.

5. In representing another plaintiff, I filed the matter of *Elf-Man, LLC v. Does 1 – 107*, 3:13-cv-00334 on February 26. On March 5, Judge Acosta issued an order for discovery similar to the order in this case but without a time deadline.

6. Shortly after Judge Acosta's order allowing discovery, it became clear that more than my notice (Exhibit 2) was needed to guide parties responding to subpoenas. As such, I contacted both the Judicial Clerk of Judge Acosta and the Judicial Clerk of Judge Aiken to explore a narrower and more tailored judicial order that would also provide guidance to ISPs and ensure that the rights of subscribers would be protected. While not allowed by local rule without a request from the court, it was suggested that I could file an *Ex Parte* Motion for Amended Order to Expedite Discovery to revise the Order of Judge Acosta and make my arguments by motion, and I did so. 3:13-cv-000334-AC, Doc. 9; Exhibit 3. Judge Acosta made further adjustments to the proposed order and issued a timeline for ISPs to respond within sixty (60) days. 3:13-cv-000334-AC, Doc. 12; Exhibit 4.

7. After the filing the initial complaint in this matter, a First Amended Complaint was also filed in these cases. 3:13-cv-00295-AA, Doc 9. After filing the First Amended Complaint, the Judicial Clerk of Judge Aiken was asked if a new Discovery Order should be filed and responded that there was no need for any additional motions. By the time the supplemental orders such as requested in *Elf-Man, LLC v. Does 1-107*, 3:13-cv-00334-AC, and other cases issued, all subpoenas in these case were issued, and a subsequent order was seen as a moot

DECL. COUNSEL

issue, though efforts were made to confirm subpoenaed parties were aware of subscriber rights.

8. On being served with subpoenas, several ISPs requested extensions of the time due to the work-load burdens of the ISPs and notice requirements to subscribers. Plaintiff made accommodations and extended those deadlines to relieve pressure from various ISPs. Plaintiff has now served approximately 45 civil subpoenas on approximately 27 ISPs. Presently, the ISPs have responded with either a definite subscriber identity or an inability to provide definite subscriber identity for approximately 182 IP addresses. For any ISP that is unable to provide definite subscriber information of an IP address, that associated Doe No. is being dismissed.

9. Exhibit 1 is a true and correct copy of the text of House Memorial 2, as found at http://www.leg.state.or.us/13reg/measures/hm1.dir/hm0002.intro.html.

10. Exhibit 5 is a true and correct copy of an email exchange with a subscriber which demonstrates plaintiff's willingness to work with the subscriber, specifically, "…if we are able to determine that there is an error in our data or of [sic] there is another explanation, then we will agree to voluntarily dismiss you from the pending case." This email is not redacted as this party has voluntarily made herself public through the media.

11. Exhibit 6 is a true and correct copy of an email to an opposing counsel which demonstrates plaintiff's interest in identifying the actual infringers of its copyrighted work, not just the subscriber, specifically, "… my questions first pertain to whether or not [the subscriber] is the actual Doe Defendant or if there is another party. Our client has an interest in identifying the actual infringers. *If she is not liable then we would like to clear her and work to ascertain the identity of the actual infringer*." (Emphasis added). This email is redacted to protect the identity of a subscriber party that has not been named as a defendant.

12. Exhibit 7 is a true and correct copy of an email to an opposing counsel which demonstrates plaintiff's interest in identifying the infringing party, specifically, "If your client is not the

infringing party we would like to conduct further discovery to ascertain the identity of the infringing party…" This email is redacted to protect the identity of a subscriber party that has not been named as a defendant.

13. Exhibit 12 is a true and correct copy of an email to an opposing counsel in which is it expressly stated, "If [your client] is not in any way involved then we have no interest in him paying 'nuisance' value for this case. Our interest is in finding the infringing party." This email is redacted to protect the identity of a subscriber party that has not been named as a defendant.

14. Exhibit 14 is a true and correct copy of an email exchange with an ISP Network Administrator in which the identification of the subscriber was vague as to time. ("I can see this [subscriber] has had this IP address for quite some time.") My response was to request a clarification that the time at issue was at the time of infringement, to which I received the confirmation, "It is safe to say this gentleman had the IP at that time." This email is redacted to protect the identity of a subscriber party that has not been named as a defendant.

15. Exhibit 8 is a true and correct copy of an email to an opposing counsel exculpating a subscriber and demonstrating plaintiff's interest in finding actual infringers, specifically, "Based on the facts you present we do not believe your client should be liable in this matter. Your client maintained a password on their Wi-Fi and reasonably directed their neighbor/tenant to limit and control access…" This email is redacted to protect the identity of a subscriber party that is not a proper Doe defendant.

16. Exhibit 9 is a true and correct copy of an email to a City Attorney in a matter where over 1700 illegal copyright violations were linked to an IP address assigned to the city, much of it pornography, with plaintiff counsel offering to "cooperatively" work with the city to address this issue. This email is redacted to protect the identity of a subscriber party that is not a proper Doe defendant.

17. Exhibit 10 is a true and correct copy of an email to a business when it was revealed an IP address assigned to the business had a substantial amount of illegal BitTorrent traffic. On being informed of the situation, the IT department investigated and voluntarily implemented procedures to avoid future similar activity. Plaintiff is not asking for any compensation from this subscriber. This email is redacted to protect the identity of a subscriber party that is not a proper Doe defendant.

18. Exhibit 13 is a true and correct copy of an email to a counsel for a business when relating to management of future infringement.

19. Exhibit 11 is a true and correct copy of an email exchange with an opposing counsel for a party who has entered into a consent judgment with plaintiff enjoining further infringing activity. This email is redacted to protect the identity of a subscriber party that has settled and entered into a consent judgment, but whom plaintiff does not believe should be subjected to media harassment.

20. In one instance it was revealed that a hotel was assigned an IP address which had a substantial amount of illegal BitTorrent traffic. On being informed of the situation the hotel operator investigated and voluntarily implemented technology to allow continued internet use, but block illegal BitTorrent traffic. Plaintiff is not asking for any compensation from this subscriber. This email is redacted to protect the identity of a subscriber party that is not a proper Doe defendant.

21. In another instance, plaintiff is currently awaiting the receipt of paperwork which cleared a subscriber's machines as a result of a computer forensic analysis.

22. Exhibit 16 is a true copy of the public web page of The Pirate Bay with letters from rights holders and their often profanity laced responses and refusals to recognize copyrights.

23. To date, at least six (6) Consent Judgments have been entered into between Voltage and defendants. With the approval of opposing counsel these are being temporarily withheld to avoid media harassment of defendants as evidenced by an email exchange with one such

opposing counsel, a redacted copy attached as Exhibit 11.  There are others that are outstanding, but as Voltage is openly disclosing to parties that the court has issued an Order to Show Cause why the pending cases should not be dismissed or severed, several parties are legitimately waiting for the court's decision.

24. For the majority of the subscribers with whom plaintiff has made contact, there has been either a prompt confirmation of infringement or an agreement to dismiss.

25. No defendant party to this case has requested to be severed.  Two appearing defendants have conferred with regard to possibly filing a motion to join the above four captioned cases to a single proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated April 20, 2013

/s/ Carl D. Crowell
Carl D. Crowell, OSB# 982049